GAUDIN, Judge.
Petitioner-appellant, Harry D. Roberts, was injured on December 6, 1975, when his automobile was rear-ended, and he is before us contending that a jury award of $2,500 is grossly inadequate. Liability is not at issue, only quantum.
A review of the record indicates, however, that the jury did not abuse its discretion, and we affirm.
A 45 year old taxicab driver, Mr. Roberts did sustain a soft tissue injury and he was treated by Dr. John Lindner, a general practitioner, until March 29, 1976. Subsequently, Mr. Roberts was seen by two orthopedic surgeons, Drs. Bernard Manale and Irving Redler.
Mr. Roberts had sustained an earlier injury for which he underwent a lumbar lami-nectomy. The sprains Mr. Roberts received as a result of the December 6,1975, incident were superimposed on a weakened back more susceptible to injury because of the previous accident and surgery.
Regardless, by late March of 1976, Dr. Lindner felt that he “. . . had done as much as I possibly could do with him,” and Mr. Roberts was discharged.
Dr. Manale suggested that Mr. Roberts seek different employment, while Dr. Re-dler testified that Mr. Roberts had fully recovered from the sued-on accident and could continue driving his cab.
In addition to pain, suffering and residual disability, Mr. Roberts sought awards for lost income and for property damages.
He did not file income tax returns in 1973, 1974 and 1975, and he was unable to produce the 1976 return he said he did file. Likewise, Mr. Roberts had no trip sheets or documentary proof of any kind showing either his actual income or loss thereof.
Mr. Roberts did not have an appraisal made of damages to his car, a 1969 Chevrolet, yet he called it “a total loss” and sold it to a neighbor, he said, for $50. The other motorist said the impact was so slight that “. . . the collision did not affect his car or mine.”
Credibility was clearly at issue throughout the trial, and the jury apparently resolved this to Mr. Roberts’ detriment.
Considering the inconclusive medical testimony and the futile attempts to show lost *331 wages and property damages, we cannot say that the $2,500 award was either inadequate or an abuse of the considerable discretion granted to the trier of fact — in this case, a 12 person jury — by LSA-C.C. Art. 1934(3).

AFFIRMED.